NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREW STIER,<br>　　　　　　　　Plaintiff,<br>　　　　v.<br><br>APPALACHIAN LIQUORS, CORP., MOUNTAIN CREEK RESORT, WILLIAM POLCHINSKI, CRYSTAL SPRINGS RESORT, JOHN DOES 1-50 (fictitious), AND ABC CORPS 1-50 (fictitious),<br><br>　　　　　　　　Defendants. | **OPINION**<br><br>Civ. No. 14-02937 (WHW) (CLW) |

**Walls, Senior District Judge**

Plaintiff moves to remand this action to New Jersey Superior Court, and Defendants do not object. Pl.'s Mot. to Remand ("Pl.'s Mot. Remand") 1-2, ECF No. 13. Without oral argument under Federal Rule of Civil Procedure 78(b), the Court grants Plaintiff's motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

In April 2014, Plaintiff Andrew Stier filed this action against Defendants in New Jersey Superior Court, Sussex County. Compl., ECF No. 1, Ex. A. Plaintiff's complaint alleges that Defendants wrongfully terminated him from his employment. *Id.* In addition to multiple state law claims, the complaint contains one federal law claim for violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601. In May 2014, Defendants invoked this Court's federal question jurisdiction to remove the action here under 28 U.S.C. § 1441(a). Notice of Removal ¶ 13, ECF No. 1.

On January 28, 2015, the parties submitted to the Court a joint stipulation dismissing two of Plaintiff's claims with prejudice, including Plaintiff's claim for violations of the FMLA. Stip. of Dismissal, ECF No. 12. Plaintiff now moves for remand because "Federal Question jurisdiction

**NOT FOR PUBLICATION**

was the sole rationale and jurisdictional hook utilized and available in this matter, and the parties have mutually stipulated to dismissal of all federal claims." Pl.'s Mot. Remand 1.

## LEGAL STANDARD

28 U.S.C. § 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "Subsection (c), however, provides that a district court may, in its discretion, decline to exercise jurisdiction if any of four conditions are met." *Growth Horizons, Inc. v. Delaware Cnty., Pa.*, 983 F.2d 1277, 1284 (3d Cir. 1993). One of the four conditions is met when "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). In making a determination to decline jurisdiction, the district court should take into account generally accepted principles of "judicial economy, convenience, and fairness to the litigants." *Growth Horizons*, 983 F.2d at 1284 (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

## DISCUSSION

Because the sole federal claim in Plaintiff's complaint has been dismissed, the Court declines to exercise jurisdiction over the remaining claims. 28 U.S.C. § 1367(c)(3). Defendants do not oppose Plaintiff's motion to remand this action to state court, and there is no indication that maintaining the action here would promote the parties' interests in convenience or fairness.

**NOT FOR PUBLICATION**

Remand would serve the goals of judicial economy and comity by allowing the New Jersey Superior Court to apply New Jersey law.

## CONCLUSION

Plaintiff's motion to remand is granted. An appropriate order follows.


Date: April 15, 2015

**/s/ William H. Walls**
United States Senior District Judge
